IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOGEN INC., BIOGEN SWISS MANUFACTURING GMBH, and ALKERMES PHARMA IRELAND LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS DEVELOPMENT INC.,<br><br>Defendant. | ) | C.A. No. __________ |

**COMPLAINT**

Plaintiffs Biogen Inc. ("Biogen Inc."), Biogen Swiss Manufacturing GmbH ("BSM") (collectively "Biogen"), and Alkermes Pharma Ireland Limited ("Alkermes Pharma") (collectively "Plaintiffs"), by their attorneys, hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by defendant Teva Pharmaceuticals Development Inc. ("Teva") of an Abbreviated New Drug Application ("ANDA") No. 214206 to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Vumerity® (diroximel fumarate) delayed-release capsules for oral use, 231 mg ("Teva's ANDA Product") prior to the expiration of U.S. Patent Nos. 8,669,281 ("the '281 patent"); 9,090,558 ("the '558 patent"); and 10,080,733 ("the '733 patent") (collectively "the Asserted Patents"). Teva notified Plaintiffs that it had submitted this ANDA by a letter dated February 2, 2021 ("Notice Letter"). Upon information and belief, Teva's ANDA Product will be marketed as a competing product to Vumerity®, a product developed by Plaintiffs for the treatment

of relapsing forms of multiple sclerosis (MS).

**PARTIES**

2. Biogen Inc. is a corporation organized and existing under the laws of Delaware, having its corporate offices and a place of business at 225 Binney Street, Cambridge, MA 02142.

3. BSM is limited liability company organized and existing under the laws of Switzerland, having a place of business at Landis & Gyr Strasse 3, CHR-6300 Zug, Switzerland.

4. Alkermes Pharma is a corporation organized and existing under the laws of The Republic of Ireland, having a place of business at 1 Burlington Road, Connaught House, Dublin, Ireland. Alkermes Pharma is a wholly-owned subsidiary of Alkermes Ireland Holdings Limited, which is a wholly-owned subsidiary of Alkermes Public Limited Company.

5. Upon information and belief, Teva is a corporation organized and existing under the laws of Delaware, having a place of business at 400 Interpace Parkway, Suite A1, Parsippany, NJ 07054.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b), at least because Teva is a corporation organized and existing under the laws of Delaware and therefore resides there for purposes of venue.

8. This Court has personal jurisdiction over Teva because, on information and belief, Teva is a corporation organized and existing under the laws of the Delaware, has registered to do business in Delaware (File No. 3960741), and has appointed a registered agent in Delaware to accept service of process. Teva has thus consented to jurisdiction in Delaware. Upon information

and belief, Teva has appointed Corporate Creation Network Inc., located at Tatnall Building, 3411 Silverside Road, STE 104, Wilmington, DE 19801 as its registered agent.

9. Upon information and belief, Teva is involved in developing, manufacturing, marketing, selling, and/or distributing a broad range of generic pharmaceutical products in the United States, including in Delaware.

10. Upon information and belief, Teva has sought approval in ANDA No. 214206 to distribute Teva's ANDA Product in the United States, including in Delaware and will do so upon approval of ANDA No. 214206. The filing of ANDA No. 214206 is therefore tightly tied, in purpose and planned effect, to the deliberate making of sales in Delaware, and reliably indicates that Teva plans to engage in the marketing of Teva's ANDA Product in Delaware.

11. Upon information and belief, if ANDA No. 214206 is approved, Teva will directly or indirectly market and/or sell Teva's ANDA Product within the United States, including in Delaware, consistent with Teva's practices for the marketing and distribution of other pharmaceutical products on its own and/or through its affiliates.

12. Upon information and belief, if ANDA No. 214206 is approved, Teva's ANDA Product, under the direction and control of physicians practicing in Delaware, will be administered to patients of Delaware. These activities, as well as Teva's and/or its affiliates marketing, selling, and/or distributing of Teva's ANDA Product, would have a substantial effect within Delaware and would constitute infringement of the Asserted Patents in the event that Teva's ANDA Product is approved before the Asserted Patents expire.

13. For the reasons described above, among others, the filing of ANDA No. 214206 was suit-related conduct with a substantial connection to Delaware and this District, the exercise of personal jurisdiction over Teva does not offend traditional notions of fair play and substantial

justice, and this Court may properly exercise personal jurisdiction over Teva.

**BACKGROUND**

14. Vumerity® is indicated for the treatment of relapsing forms of multiple sclerosis (MS), to include clinically isolated syndrome, relapsing-remitting disease, and active secondary progressive disease, in adults.

15. Biogen sells Vumerity® in the United States pursuant to New Drug Application ("NDA") No. 211855, which has been approved by the FDA.

16. Biogen Inc. is the holder of approved NDA No. 211855 for Vumerity®.

17. The '281 patent, titled "Prodrugs of Fumarates and Their Use in Treating Various Diseases," was duly and legally issued on March 11, 2014. A copy of the '281 patent is attached as Exhibit A.

18. Alkermes Pharma is the assignee of the '281 patent.

19. BSM is the exclusive licensee of the '281 patent.

20. There is an actual case or controversy between the parties regarding Teva's liability for its infringement of the '281 patent.

21. The '558 patent, titled "Prodrugs of Fumarates and Their Use in Treating Various Diseases," was duly and legally issued on July 28, 2015. A copy of the '558 patent is attached as Exhibit B.

22. Alkermes Pharma is the assignee of the '558 patent.

23. BSM is the exclusive licensee of the '558 patent.

24. There is an actual case or controversy between the parties regarding Teva's liability for its infringement of the '558 patent.

25. The '733 patent, titled "Prodrugs of Fumarates and Their Use in Treating Various

Diseases," was duly and legally issued on September 25, 2018. A copy of the '733 patent is attached as Exhibit C.

26. Alkermes Pharma is the assignee of the '733 patent.

27. BSM the exclusive licensee of the '733 patent.

28. There is an actual case or controversy between the parties regarding Teva's liability for its infringement of the '733 patent.

29. This action is being filed within 45 days of Plaintiffs' receipt of Teva's Notice Letter.

**COUNT I**
**(Infringement of the '281 Patent)**

30. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

31. Claim 1 of the '281 patent covers "[a] compound having the formula:

O N O O O OMe O

or a pharmaceutically acceptable salt thereof."

32. Upon information and belief, Teva's ANDA Product is covered by one or more claims of the '281 patent, including at least claim 1.

33. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Teva's ANDA Product will infringe one or more claims of the '281 patent, including at least claim 1, either literally or under the doctrine of equivalents.

34. Teva did not assert in its Notice Letter a basis for any assertion that Teva's ANDA Product would not infringe any claim of the '281 patent.

35. Upon information and belief, Teva filed as part of ANDA No. 214206 a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV), asserting that the claims of the '281 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva's ANDA Product.

36. The purpose of filing ANDA No. 214206 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '281 patent.

37. Teva's submission of ANDA No. 214206 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '281 patent is an act of infringement of the '281 patent under 35 U.S.C. § 271(e)(2)(A).

38. Upon information and belief, Teva intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product immediately and imminently upon the approval of ANDA No. 214206 and any amendments thereto, *i.e.*, prior to the expiration of the '281 patent.

39. Upon information and belief, Teva has knowledge of the '281 patent at least because the '281 patent is listed in the FDA's *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* for Biogen's Vumerity® drug product. Notwithstanding this knowledge, Teva continues to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 214206 and any amendments thereto.

40. Upon information and belief, Teva plans and intends to, and will, actively induce infringement of the ’281 patent when ANDA No. 214206 and any amendments thereto are approved, and will do so with specific intent to induce infringement of the ’281 patent. Further upon information and belief, Teva plans and intends to, and will, do so immediately and imminently upon approval.

41. The foregoing actions by Teva constitute and/or will constitute infringement of the ’281 patent and active inducement of infringement of the ’281 patent, either literally or under the doctrine of equivalents.

42. Unless Teva is enjoined from infringing the ’281 patent and actively inducing infringement of the ’281 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT II**
**(Infringement of the ’558 Patent)**

43. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

44. Claim 1 of the ’558 patent covers “[a] method of treating multiple sclerosis in a subject in need thereof, comprising administering to the subject a therapeutically effective amount of a compound having the formula:

or a pharmaceutically acceptable salt thereof.”

45. Upon information and belief, use of Teva’s ANDA Product is covered by one or more claims of the ’558 patent, including at least claim 1.

46. Upon information and belief, the use of Teva's ANDA Product in accordance with and as directed by Teva's proposed labeling for that product will infringe one or more claims of the '558 patent, including at least claim 1, either literally or under the doctrine of equivalents.

47. Teva did not assert in its Notice Letter a basis for any assertion that the use of Teva's ANDA Product in accordance with and as directed by Teva's proposed labeling for that product would not infringe any claim of the '558 patent.

48. Upon information and belief, Teva filed as part of ANDA No. 214206 a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. 355(j)(2)(A)(vii)(IV), asserting that the claims of the '558 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva's ANDA Product.

49. The purpose of filing ANDA No. 214206 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '558 patent.

50. Teva's submission of ANDA No. 214206 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '558 patent is an act of infringement of the '558 patent under 35 U.S.C. § 271(e)(2)(A).

51. Upon information and belief, Teva intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 214206 and any amendments thereto, *i.e.*, prior to the expiration of the '558 patent.

52. Upon information and belief, Teva has knowledge of the '558 patent at least because the '558 patent is listed in the FDA's *Orange Book: Approved Drug Products with*

*Therapeutic Equivalence Evaluations* for Biogen's Vumerity® drug product. Notwithstanding this knowledge, Teva continues to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 214206 and any amendments thereto.

53. Upon information and belief, Teva plans and intends to, and will, actively induce infringement of the '558 patent when ANDA No. 214206 and any amendments thereto are approved, and will do so with specific intent to induce infringement of the '558 patent. Further upon information and belief, Teva plans and intends to, and will, do so immediately and imminently upon approval.

54. Upon information and belief, Teva knows that Teva's ANDA Product is especially made or adapted for use in infringing the '558 patent, and that Teva's ANDA Product is not suitable for substantial noninfringing use. Upon information and belief, Teva plans and intends to, and will, contribute to infringement of the '558 patent immediately and imminently upon approval of ANDA No. 214206 and any amendments thereto.

55. The foregoing actions by Teva constitute and/or will constitute infringement of the '558 patent, active inducement of infringement of the '558 patent, and contribution to the infringement by others of the '558 patent, either literally or under the doctrine of equivalents.

56. Unless Teva is enjoined from actively inducing infringement of the '558 patent and contributing to the infringement by others of the '558 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT III**
**(Infringement of the '733 Patent)**

57. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

58. Claim 1 of the ’733 patent covers “[a] crystalline form of a compound having the formula:

having an X-ray powder diffraction pattern comprising peaks, in terms of degrees 2-theta±0.2 degrees, at 11.6, 21.0, 24.3, 27.4, and 27.9 when using a Cu X-ray source.”

59. Upon information and belief, Teva’s ANDA Product is covered by one or more claims of the ’733 patent, including at least claim 1.

60. Upon information and belief, the manufacture, sale, offer for sale, or importation of Teva’s ANDA Product, or the use of Teva’s ANDA Product in accordance with and as directed by Teva’s proposed labeling for that product, will infringe one or more claims of the ’733 patent, including at least claim 1, either literally or under the doctrine of equivalents.

61. Teva did not assert in its Notice Letter a basis for any assertion that Teva’s ANDA Product, or the use of Teva’s ANDA Product in accordance with and as directed by Teva’s proposed labeling for that product, would not infringe any claim of the ’733 patent.

62. Upon information and belief, Teva filed as part of ANDA No. 214206 a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), asserting that the claims of the ’733 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva’s ANDA Product.

63. The purpose of filing ANDA No. 214206 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva’s ANDA Product prior to the expiration of the ’733 patent.

64. Teva's submission of ANDA No. 214206 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '733 patent is an act of infringement of the '733 patent under 35 U.S.C. § 271(e)(2)(A).

65. Upon information and belief, Teva intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 214206 and any amendments thereto, *i.e.*, prior to the expiration of the '733 patent.

66. Upon information and belief, Teva has knowledge of the '733 patent at least because the '733 patent is listed in the FDA's *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* for Biogen's Vumerity® drug product. Notwithstanding this knowledge, Teva continues to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 214206 and any amendments thereto.

67. Upon information and belief, Teva plans and intends to, and will, actively induce infringement of the '733 patent when ANDA No. 214206 and any amendments thereto are approved, and will do so with specific intent to induce infringement of the '733 patent. Further upon information and belief, Teva plans and intends to, and will, do so immediately and imminently upon approval.

68. Upon information and belief, Teva knows that Teva's ANDA Product is especially made or adapted for use in infringing the '733 patent, and that Teva's ANDA Product is not suitable for substantial noninfringing use. Upon information and belief, Teva plans and intends

to, and will, contribute to infringement of the ’733 patent immediately and imminently upon approval of ANDA No. 214206 and any amendments thereto.

69. The foregoing actions by Teva constitute and/or will constitute infringement of the ’733 patent, active inducement of infringement of the ’733 patent, and contribution to the infringement by others of the ’733 patent, either literally or under the doctrine of equivalents.

70. Unless Teva is enjoined from infringing the ’733 patent, actively inducing infringement of the ’733 patent, and contributing to the infringement by others of the ’733 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that Teva has infringed the Asserted Patents and/or will infringe, actively induce infringement of, and/or contribute to infringement by others of the Asserted Patents;

(b) A judgment ordering that the effective date of any FDA approval for Teva to make, use, offer for sale, sell, market, distribute, or import Teva’s ANDA Product, or any product the use of which infringes the Asserted Patents, be not earlier than the expiration date of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A permanent injunction enjoining Teva, and all persons acting in concert with Teva, from making, using, selling, offering for sale, marketing, distributing, or importing Teva’s ANDA Product, or any product the use of which infringes the Asserted Patents, or the inducement of or contribution to any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that making, using, selling, offering for sale, marketing,

distributing, or importing of Teva's ANDA Product, or any product the use of which infringes the Asserted Patents, prior to the expiration date of the Asserted Patents, infringes, will infringe, will actively induce infringement of, and/or will contribute to the infringement by others of the Asserted Patents;

(e) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f) An award of Plaintiffs' costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs Biogen Inc., Biogen Swiss Manufacturing GmbH, and Alkermes Pharma Ireland Limited*

OF COUNSEL:

Arlene L. Chow
Ernest Yakob
Michelle L. Ernst
Jacob Whitt
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200

Adam L. Perlman
Benjamin J. Behrendt
David J. Lehr
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

March 17, 2021